**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LORI PRESCOTT,                           )<br>                                                       )<br>            Plaintiff,                          )<br>                                                       )<br>vs.                                                  )       Case No.  07-CV-1008-JTM-DWB<br>                                                       )<br>TREGO COUNTY, KANSAS, BOARD  )<br>OF COUNTY COMMISSIONERS,      )<br>RICHARD SCHNEIDER, and            )<br>DENNIS WEAVER,                           )<br>                                                       )<br>            Defendants.                       )<br>_____) | |

**ORDER FOR INSPECTION AND REPRODUCTION OF EMPLOYMENT
AND MEDICAL RECORDS AND PROTECTED HEALTH INFORMATION
PURSUANT TO STATE AND FEDERAL LAW (HIPAA)
AND NOTIFICATION OF WAIVER OF PHYSICIAN-PATIENT PRIVILEGE**

TO:   All Employers (Past, Present, and Prospective); All Hospitals, Clinics, Pharmacies, Physicians, Social Workers, Psychiatrists, Psychologists, Therapists, Governmental Agencies (State and Federal); and All Other Medical Institutions, Practitioners, Health Care Providers.

You are hereby authorized, directed, and ordered pursuant to the laws of Kansas and applicable federal law, including but not limited to the Health Insurance Portability and Accountability Act (HIPAA), to make available for examination and reproduction by the parties and their counsel denominated in this lawsuit any and all employment and medical records of any type or nature whatsoever and/or any protected health information within your care, custody, or in any manner concerning **LORI PRESCOTT, D/O/B:  __/__/1965; SSN:  ___-__-3179.**

With respect to employment records, such records include, but are not limited to, all materials contained in the employee's personnel file cover to cover; wage, payment, salary and tax information; performance evaluations; job applications; workers compensation records and any other records pertaining to injuries incurred by the employee; any and all work releases or restrictions; and any protected health information in the employer's records.

Medical documents and protected health information subject to this order include but are not limited to the entire medical chart cover to cover (including but not limited to any and all medical records from other health care providers and any and all correspondence); radiological films;

monitoring strips of any kind; billing and payment records; prescriptions; test results; any and all records related to HIV testing, HIV status, AIDS or sexually transmitted diseases; any and all records related to the diagnosis and treatment of mental, alcoholic, drug dependency, or emotional condition; psychotherapy notes that are part of the medical record.

Unless specifically excluded by this Order, all medical records and protected health information in your possession regarding the person noted above shall be produced; provided however that this Order does not provide for the production of any medical records maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, and which are covered by the provisions of 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2.

You are further notified that, pursuant to federal and state law and the rules of the United States District Court, counsel for the defendants are hereby authorized to talk with plaintiff's treating physicians or other health care providers, without counsel or the parties, including the plaintiff, being present or participating, provided the health care provider consents to the interview. This is based on the Court's finding that by filing this lawsuit, plaintiff placed at issue plaintiff's medical condition and history and therefore has waived any privilege existing between the patient and health care provider.

Said inspection and reproduction may be requested by any attorney of record herein as set forth below, and all clerical fees and expenses shall be paid by the attorney requesting such examination, reproduction or interview.

This Order complies with HIPAA federal standards for privacy of individually identifiable health information, 45 C.F.R. Parts 160 and 164. This Order further allows the disclosure of (1) information regarding diagnosis of, treatment for, and general status relating to HIV and AIDS pursuant to K.S.A. 65-5601 to 5605.

This Order shall be effective throughout the pendency of this action.

Dated this 16th day of May, 2007.

                     s/   DONALD W. BOSTWICK
                   United States Magistrate Judge

APPROVED:

   /s/ David P. Calvert   
David P. Calvert, #06628
532 N. Market St.
Wichita, Kansas 67214-3514
Telephone: 316-269-9055
Facsimile:  316-269-0440
Email: lawdpc@swbell.net

Attorney for Plaintiff


   /s/  Wyatt M. Wright   
Wyatt M. Wright, #10683
FOULSTON SIEFKIN LLP
9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, KS 66210
Telephone:  913-498-2100
Facsimile:   913-498-2101
Email:  wwright@foulston.com

Attorney for Defendants
Trego County, Kansas,
Board of County Commissioners,
and Richard Schneider


   /s/ Allen G. Glendenning   
Allen G. Glendenning, #12187
1321 Main - Suite 300
P.O. Drawer 1110
Great Bend, Kansas 67530
Telephone:  620-792-8231
Email: aglenden@wcrf.com

Attorney for Defendant
Dennis Weaver